# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| DARREN LEE SIMMONS, | ) | |
|---|---|---|
| Appellant, | ) | |
| v. | ) | CAUSE NO.: 1:14-CV-258-TLS |
| CROSSROADS BANK, | ) | |
| Appellee. | ) | |

## OPINION AND ORDER

This case is an appeal from a United States Bankruptcy Court's decision to deny the Appellant's discharge due to false oaths made in connection with his bankruptcy case. The Appellant argues that the bankruptcy court abused its discretion by (1) granting, in relevant part, the Appellee's motion to file an amended complaint; and (2) granting the Appellee's request for denial of discharge pursuant to 11 U.S.C. § 727(a)(4)(A). For the foregoing reasons, the Court affirms.

## BACKGROUND

The Appellant, Darren Lee Simmons, filed a Chapter 7 bankruptcy petition on December 15, 2011. A statement of financial affairs ("SOFA") and bankruptcy schedules were filed by Simmons on February 6, 2012, all of which he signed under oath to verify that the information contained therein was true and accurate.[1] A meeting of creditors—also known as a "§ 341" meeting—was held on March 6, 2012, at which Simmons, again, stated under oath that he read

---

[1] Simmons originally filed a SOFA and schedules on the same day he filed his bankruptcy petition, but the filings were stricken because the signature pages were omitted.

and understood the submitted SOFA and schedules, and that the information contained therein was true and accurate.

The deadline for filing objections to the discharge of Simmons' debt was originally set for March 9, 2012. However, the Appellee, Crossroads Bank, requested and was granted two extensions to file objections, resulting in an extended deadline of July 10, 2012. During the extension period, Crossroads conducted an examination of Simmons pursuant to Bankruptcy Rule 2004 to determine whether it would initiate an adversary proceeding.

On July 6, 2012, Crossroads initiated an adversary proceeding against Simmons. In its Complaint, Crossroads requested, in relevant part, a denial of discharge pursuant to 11 U.S.C. § 727(a)(4)(A), alleging that Simmons knowingly and fraudulently made a false oath or account by declaring his SOFA and schedules to be true and accurate. Crossroads specifically alleged that Simmons failed to list on his schedules (1) his interest in B & D Family Partnership; (2) his interest in B & D Family Investments; (3) debts owed to him by the Simmons Company, LLC; (4) debts owed to him by Northeast Indiana Complete Construction Services, Inc. and/or Northeast Construction Services, LLC; (5) a debt he owed to his mother; and (6) the correct amount for his charitable contributions. Crossroads further alleged that Simmons failed to list an accurate employment history on his SOFA.[2]

On October 10, 2012, Simmons filed amended schedules and an amended SOFA. Then, on or about March 15, 2013, Simmons provided Crossroads with answers to interrogatories, in which Simmons stated that he had failed to read his original SOFA and schedules prior to

---

[2]The original Complaint included three additional allegations of omissions and false statements on Simmons' SOFA and schedules that were not included in Crossroads' subsequent pleadings.

2

signing them. On April 11, 2013, Crossroads conducted a deposition of Simmons, to which Simmons "confirmed for the first time the existence of his interest in certain items of personal property and his transfer of most of that property within two years of filing [for] bankruptcy." (Appellee's Am. Br. 10, ECF No. 13.) And on May 15, 2013, Simmons served Crossroads with an errata sheet modifying his deposition testimony to declare additional income for 2011.

On May 29, 2013, Crossroads filed a Motion for Leave to Amend, along with a proposed Third Amended Complaint, which included 27 additional allegations in connection with the filing of his SOFA and schedules, including: Simmons failure to (1) list certain real property on his schedules; (2) list certain personal property on his schedules; (3) list certain debts or obligations he owed to entities and individuals on his schedules; and (4) list or provide accurate information on his SOFA.[3] In its Memorandum in Support of its Motion to Amend, Crossroads argued that "it should be entitled to bring to the Court's attention certain evidence in support of its grounds objecting to the [Simmons'] discharge, which . . . either did not exist or had not been discovered at the time [Crossroads'] original complaint was filed." (ECF No. 2-3 at 97.) Simmons filed an objection to the Motion and moved to dismiss the Third Amended Complaint, arguing that the additional allegations were untimely. On July 18, 2013, the bankruptcy court issued an order overruling Simmons' objection and granting, in relevant part, the Motion for Leave to Amend.

The case proceeded to a two-day trial from February 26–27, 2014. After the parties submitted their briefing, the bankruptcy court issued an Order [ECF No. 1 at 4] on June 24,

---

[3]The Court notes that Crossroads' Third Amended Complaint appears to list the same allegation twice. (*See* Third Am. Compl., subsections 7.4 and 7.20, ECF No. 2-3 at 91–92.)

2014, denying Simmons' discharge and entering judgment in favor of Crossroads. Simmons filed a notice of appeal on July 7, 2014.

**STANDARD OF REVIEW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which gives district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. The Court reviews the Bankruptcy Court's determinations of law *de novo* and its findings of fact for clear error, but on issues that the Bankruptcy Code has committed to the discretion of the bankruptcy court, the Court reviews such decisions only for an abuse of discretion. *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009). A court "'abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied.'" *Id.* (quoting *Corporate Assets, Inc. v. Paloian,* 368 F.3d 761, 767 (7th Cir. 2004)). A determination as to whether a complaint may be amended is reviewed for abuse of discretion. *Disch v. Rasmussen*, 417 F.3d 769, 775 (7th Cir. 2005).

Additionally, "[i]f the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, [a court on appeal] will not reverse its factual findings even if [the court on appeal] would have weighed the evidence differently." *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008) (citation and quotation marks omitted). Moreover, "questions of credibility are solely for the trier of fact . . . who has the best opportunity to observe the verbal and nonverbal behavior of the witnesses focusing on the subject's reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body

4

movements as well as confused or nervous speech patterns in contrast with merely looking at the cold pages of an appellate record." *In re D'Agnese*, 86 F.3d 732, 734 (7th Cir. 1996) (citing *United States v. Hatchett*, 31 F.3d 1411, 1417 (7th Cir. 1994).

**DISCUSSION**

**A.     Crossroads' Third Amended Complaint**

Simmons argues that the bankruptcy court abused its discretion by permitting Crossroads' Third Amended Complaint. Pursuant to Bankruptcy Rule 7015, Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Rule 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a)(2) by stating:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a court should deny leave to amend if an amendment asserts additional claims that are barred by the statute of limitations, unless the amendment "relates back" under Rule 15(c). *See, e.g.*, *Woods v. Ind. Univ.–Purdue Univ. at Indianapolis*, 996 F.2d 880, 884–85 (7th Cir. 1993). An amended pleading relates back to the date of the original pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Federal Rule of Bankruptcy Procedure 4004(a) establishes a non-jurisdictional statute of

5

limitations for Chapter 7 cases, requiring that a complaint objecting to a discharge under 11 U.S.C. § 727(a) must be filed no later than sixty days after the first date set for the meeting of creditors. *See Kontrick v. Ryan*, 540 U.S. 443, 447 (2004). Because Crossroads filed a Motion for Leave to Amend on May 29, 2013—nearly one year after the deadline to file an objection to the discharge—leave is permissible if the amended complaint relates back to the original complaint under Rule 15(c) and is not otherwise prohibited by Rule 15(a)(2).

1.  *"Relation Back" Under Rule 15(c)*

Generally, "amendments pursuant to Rule 15(c) should be freely allowed" to ensure that cases are decided on their merits. *Staren v. Am. Nat'l Bank & Trust Co. of Chi.*, 529 F.2d 1257, 1263 (7th Cir. 1976). "The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint to the amended one." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006); *see also Staren*, 529 F.2d at 1263 ("notice [to the opposing party] is the critical element involved in Rule 15(c) determinations"); *In re Olympia Brewing Co. Sec. Litig.*, 612 F. Supp. 1370, 1371 (N.D. Ill. 1985) ("Commentators and courts agree that Rule 15(c) was largely designed to notify a party that claims will be asserted that arise out of the general fact situation set forth in the original pleading.") (internal quotation marks and citations omitted).

Notwithstanding the general application of Rule 15(c), Simmons argues that, in light of the policy aims of Rule 4004(a)'s sixty-day statute of limitations—namely, the expeditious administration of bankruptcy proceedings—a narrow application of the relation back doctrine is

6

required here.[4] To support this argument, Simmons relies on *In re Damrill*, in which a bankruptcy court denied leave to amend a § 727(a)(4) complaint, in part, because Rule 4004(a) must be "strictly construed." 232 B.R. 767, 772 (Bankr. W.D. Mo. 1999). In *Damrill*, the creditor's original complaint alleged a single basis for its discharge objection; specifically, that the debtors failed to list a pending lawsuit within their bankruptcy schedules. The amended complaint alleged five additional instances of the debtors' omissions or false statements related to their SOFA and schedules. While acknowledging that, generally, Rule 15(c) must be liberally construed, the court noted a "tension" between the liberal approach to Rule 15(c) and Rule 4004(a). *Id.* at 773. As such, the court found that "additional or new grounds for objection may not be added by way of amendment" after the Rule 4004(a) deadline. *Id.* at 774.

The *Damrill* court also acknowledged, however, that "[n]ot all courts have been so stringent in their application of the [Rule 4004(a)] deadline." *Id.* at 773 n.4 (citing, *e.g.*, *In re Dunn*, 49 B.R. 547 (Bankr. W.D.N.Y. 1985) (permitting the addition of additional grounds for § 727 claims where original factual allegations were sufficient to put the debtor on notice of charges incorporated by amendment)). To justify its "stringent" approach, the *Damrill* court highlighted the inadequate notice provided by the creditor's original complaint:

> The original complaints in all of the [cited cases permitting an amended complaint] set forth substantive factual allegations onto which later amendments could reasonably be grafted. The only factual allegation in [the creditor's] original complaint is that the Debtors omitted the lawsuit from their schedules. This one allegation is insufficient to serve as the basis for either the entirety of the lawsuit

---

[4]Simmons also appears to assert that Rule 4004(a) should be applied narrowly in the context of § 727(a)(4) due to the heightened pleading standards for allegations of fraud under Federal Rule of Civil Procedure 9(b). (*See* Appellant's Br. 8–10, ECF No. 6.)

7

as substantive claims or for other alleged omissions from the Debtors' schedules.[5] *Id.*

In contrast to *Damrill*, the court in *In re Fidanovski* reached the opposite conclusion on similar facts. 347 B.R. 343 (Bankr. N.D. Ill. 2006). In *Fidanovksi*, the creditor sought leave to amend after filing an original complaint under § 727(a)(4) that listed a single example of a false oath committed by the debtors in connection with their SOFA filing. As described by the court, the creditor's amended complaint "set[] forth an immense list (some 31 paragraphs, in all) of instances in which [the debtors] committed false oaths either in their schedules and [SOFA] or at the section 341 meeting." *Id.* at 346. The court concluded that, because the additional facts alleged in the amended complaint "support[] the existing section 727(a)(4) claim," and concern the same "core of facts" alleged in the original complaint, the amendment relates back pursuant to Rule 15(c). *Id.* at 347–48; *see also In re Klein*, 31 B.R. 947, 951 (Bankr. E.D.N.Y. 1983) (granting leave to amend creditor's dischargeability complaint because "[t]he original complaint gave the debtor sufficient notice of the claims by identifying the transaction on which the claims were based," and thus, the debtor "would not be unduly prejudiced by an amendment which merely adds factual detail to the original claims."); *cf. In re. Young*, 428 B.R. 804, 811 (Bankr. N.D. Ind. 2010) (denying leave to amend because the allegations in the creditor's amended complaint were not premised on false statements in connection with the debtor's construction draw transactions—which formed the basis of the creditor's original complaint—and thus, were deemed "entirely different, in terms of both temporal and substantive elements.").

---

[5]The *Damrill* court also noted that the creditor's pleadings failed to cite a "legal basis in the Bankruptcy Code" as to why a denial of discharge is warranted. *Id.* at 773 n.4 ("in all of the [cited cases permitting an amended complaint] the amended complaint adequately stated causes of action cognizable in bankruptcy, i.e.[,] they cited factual *and* legal support.")

8

But unlike *Damrill* and *Fidanovski*—each of which involved an original complaint that alleged a single instance of a debtor's false oath—Crossroads' original complaint included multiple, and specific allegations of omissions or false statements made by Simmons in connection with his bankruptcy case. The original allegations included Simmons' failure to disclose certain personal property, debts, and obligations on his schedules; and his failure to disclose or provide accurate information related to income and employment on his SOFA. The new allegations in the Third Amended Complaint pertain to the same cause of action, the same transaction (i.e., the filing of Simmons' SOFA and schedules), and, for the most part, the same subgroups of assets and liabilities.[6] As noted by the bankruptcy court, the new allegations are "simply more fabric, cut from the same cloth." (Decision and Order on Mot. For Leave 3, ECF No. 2-3 at 127.). And unlike the creditor in *Damrill*, Crossroads' pleadings cited the applicable bankruptcy statute, and thus, provided both "factual and legal support" for the objection to discharge. 232 B.R. at 773 n.4.

In light of the factual and legal nexus between the original Complaint and the Third Amended Complaint, Simmons cannot plausibly claim that he was "surprised by the amplification of the allegations of the original complaint to the amended one." *Santamarina*, 466 F.3d at 573; *see also In re Barnes*, 96 B.R. 833, 839 (Bankr. N.D. Ill. 1989) ("[a] common denominator in [the] decisions allowing amendment is the fact that the original timely objection put the debtor on notice of the basic factual situation underlying the creditor's objection to dischargeability.") Accordingly, the Court finds that the § 727(a)(4) allegations in Crossroads'

---

[6] For instance, fourteen—or over half—of the additional allegations relate to personal property (Schedule B) and debts/obligations owed by Simmons (Schedules E and F). The original Complaint alleged omissions in each of these subgroups.

Third Amended Complaint relate back to the original Complaint.[7]

## 2. *Rule 15(a)(2) Considerations*

If an amendment is timely, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the record shows that prior to the filing of Crossroads' Motion for Leave to Amend on May 29, 2013—but after the July 10, 2012, deadline for filing objections had passed—Simmons filed amended schedules and an amended SOFA, along with an errata sheet modifying his deposition testimony to declare previously undisclosed income. Crossroads' Third Amended Complaint is essentially a response to new information gleaned from discovery, including Simmons' post-deadline submissions. (*See also* Appellee's Am. Br. 24) (noting that the allegations in the Third Amended Complaint were uncovered during discovery, and that Crossroads "sought to amend its complaint out of an abundance of caution."). Given this record, Simmons has not adequately shown that he suffered "undue prejudice" or that Crossroads' request for leave constituted "undue delay, bad faith or dilatory motive." *Foman*, 371 U.S. at 182.

And as the bankruptcy court noted, the Third Amended Complaint may have been, if anything, unnecessary. (Decision and Order on Mot. For Leave at 3–4, ECF No. 2-3 at 127–128) ("the new allegations are so tied to the present claim that amending the complaint may not be

---

[7]Alternatively, Crossroads argues that, notwithstanding the relation back doctrine, the Third Amended Complaint is permissible because Simmons "concealed" evidence until after the deadline for objection had passed. (Appellee's Am. Br. 20.) ("To bar the Bank from bringing to the court's attention facts discovered [after the Rule 4004(a) deadline] would either give the debtor immunity for acts concealed or committed [after the Rule 4004(a) deadline], or require the Bank to wait until entry of discharge before seeking leave to file a complaint to revoke discharge under [Bankruptcy] Rule 4004(b)(2)"). Because this specific issue was not adequately raised in the bankruptcy court, it is waived on appeal. *Kunz v. DeFelice*, 538 F.3d 667, 681 (7th Cir. 2008). Nonetheless, pursuant to Rule 15(a)(2), the Court addresses related considerations in the following section.

necessary at all."); *see also Fidanovski*, 347 B.R. at 348 (denying leave under Rule 15(a)(2) because a party "need not allege . . . all of the evidence needed to prevail at trial.") (citation and quotation marks omitted). The court ultimately granted leave to amend to "ensure that all involved have a similar understanding of what is and is not at issue." (Decision and Order on Mot. For Leave 3–4, ECF No. 2-3 at 127–128). Given the discretionary nature of Rule 15(a), the Court finds no reason to disrupt the bankruptcy court's decision to grant leave under these circumstances, and accordingly, finds that the court did not abuse its discretion by permitting Crossroads' Third Amended Complaint.

**B.     Denial of Discharge**

Simmons further contends that the bankruptcy court abused its discretion by denying discharge. A bankruptcy court "shall grant the debtor a discharge, unless   . . .  (4) the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." § 727(a)(4)(A). Thus, to establish grounds for denial of discharge under § 727(a)(4)(A), a party "must prove by a preponderance of the evidence that: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *Stamat v. Neary*, 635 F.3d 974, 978–79 (7th Cir. 2011) (citations omitted).

Simmons does not dispute that he made false oaths or accounts in connection with his bankruptcy case; instead, he claims that such false oaths were not made knowingly and fraudulently.

**1.** *Fraudulent Intent*

Fraudulent intent may be proven by "showing [the debtor's] reckless disregard for the truth." *Id.* at 982 (citing *In re Chavin*, 150 F.3d 726, 728 (7th Cir. 1998); *see also In re Duncan*, 562 F.3d 688, 695 (5th Cir. 2009) (finding that "the cumulative effect of false statements may, when taken together, evidence a reckless disregard for the truth sufficient to support a finding of fraudulent intent" under § 727(a)(4)) (citations omitted). "The intent determination often will depend upon a bankruptcy court's assessment of the debtor's credibility, making deference to the court's finding particularly appropriate." *In re Krehl*, 86 F.3d 737, 743–44 (7th Cir. 1996).

In denying discharge, the bankruptcy court cited Simmons' false testimony at the § 341 meeting and his failure to list items on his SOFA and schedules, and found that Simmons made numerous false oaths that he knew or should have known were inaccurate. According to the court, the cumulative effect of such false statements exhibited, "[at] best . . . a reckless disregard for the truth of the information provided." (Decision on Objection to Discharge 11, ECF No. 1 at 14.); *see also In re Ingersoll*, 106 B.R. 287, 292 (Bankr. M.D. Fla. 1989) (fraudulent intent "may be inferred from the debtor's conduct or from the particular circumstances of the case.") (citation omitted).)

With regard to his false testimony at the § 341 meeting, Simmons now contends that, at the time he made his false statements, he possessed an "honest but mistaken belief" that the schedules and SOFA were true and accurate. (Appellant's Br. 18.) This contention was expressly rejected by the bankruptcy court:

> The debtor's testimony at the § 341 meeting was undeniably false. At trial, he tried to minimize that falsity by explaining he thought the trustee was asking about information contained in his tax returns, not the information contained in his schedules and statement of financial affairs. That is something the court just does not believe; it is nothing more than a clumsy fabrication. Furthermore, it was

> not until midway through the meeting that the trustee asked the debtor about his tax returns, to which he responded that he had yet to file them for 2010 and 2011 and would be requesting an extension of time to do so. If they had not yet been prepared and filed, how could the debtor say that he had signed them and the information they contained was true and accurate?

(Decision on Objection to Discharge 9, ECF No. 1 at 9.) Given that "questions of credibility are solely for the trier of fact," *In re D'Agnese*, 86 F.3d at 734, the Court is in no position to discredit the bankruptcy court's finding that Simmons' trial testimony was not credible on this issue.

Additionally, the bankruptcy court found that Simmons failed to disclose the following items on his bankruptcy filings: real property located at 1910 E. Kaiser; 2011 income; his interest in the Simmons Company LLC, B & D Family Partnership, B & D Family Investments, and Northeast Complete Construction Service; debt owed to him by the Simmons Company; the transfer of a gun collection and safe; a Harley-Davidson Screaming Eagle motorcycle; a lawn tractor; the transfer of an interest in a campground lot; an interest in a 2006 camper (or to disclose that it belonged to someone else, but was in his possession); the transfer of a 2004 Ford F-350; a 1999 camper; and information regarding income and tax returns from 2009. Notwithstanding these omissions and false statements, Simmons claims that any failure to disclose relevant information resulted from the negligent conduct of his attorney. According to Simmons, in preparation for the filing of his SOFA and schedules, he "responded to all questions posed to him by counsel completely and accurately (to the best of his knowledge)." (Appellant's Br. 18.) And at trial, Simmons testified that his attorney requested that he sign the completed SOFA and schedules without reviewing them.

While acknowledging that the performance of Simmons' attorney, Ed Hopper, was "sloppy," the bankruptcy court found Hopper's testimony to be more credible on this issue.

13

(Decision on Objection to Discharge 10, ECF No. 1 at 13.) At his deposition, Hopper contradicted Simmons' testimony by stating that he instructed Simmons to "list everything" on his SOFA and schedules. (*See Id.* ("The court finds counsel's testimony that he would have instructed the debtor to 'list everything and let the cards fall where they may' and that he 'would not not list anything' to be more credible."). Once again, questions of credibility are the province of the trial court. S*ee In re D'Agnese*, 86 F.3d at 734. The Court therefore accepts the bankruptcy court's determination that Hopper's version of the facts is more credible on this issue.

In light of the bankruptcy court's uncontested factual determination that Simmons made multiple omissions and false statements in connection with his bankruptcy case, coupled with the deference owed to a trial court's determination of intent and issues of credibility, the Court finds that Simmons' fraudulent intent may be plausibly inferred here. *See Freeland*, 540 F.3d at 729 ("If the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, [the court on appeal] will not reverse its factual findings even if [the court on appeal] would have weighed the evidence differently.") (citation and quotation marks omitted). Accordingly, the bankruptcy court did not abuse its discretion by denying Simmons' discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

## CONCLUSION

For the foregoing reasons, the bankruptcy court's decision granting, in relevant part, the Appellee's motion for leave to file a Third Amended Complaint, and the decision denying the Appellant's discharge and entering judgment in favor of the Appellee are AFFIRMED.

So ORDERED on June 22, 2015.

s/ Theresa L. Springmann

THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT